### CLAFLIN & KIMBALL v. MATHER ELECTRIC CO.

(Circuit Court, D. Connecticut. June 20, 1898.)

RES JUDICATA—CAUSES OF ACTION BARRED.

   Numerous breaches of a contract occurred before the commencement of an action, but recovery for some of them was then prevented by a temporary bar resulting from a compromise agreement, which afterwards fell through before the trial, so that plaintiff, by amendment, might have included them in that action. *Held*, that the judgment therein was a complete bar to any subsequent recovery.

This was an action at law by Claflin & Kimball, an incorporated company, against the Mather Electric Company, to recover damages for breach of contract. The case was heard on demurrer to the complaint.

Hungerford, Hyde, Joslyn & Gilman, for complainant.
Perkins & Perkins, for defendant.

TOWNSEND, District Judge. The parties herein were at issue in an action at law for damages for alleged breach of contract, which

was tried on the merits, and decided by the court. During the pendency of said action plaintiff brought this action for other alleged breaches of said contract. The defendant alleges that the cause of action in this suit is the same as the cause of action in the first suit, and was included in the issues therein, and that the breaches now complained of occurred before the first suit was brought, and might have been determined therein. The plaintiff replies that, when said first suit was brought, the parties had agreed to a compromise, which then operated as a bar to an action, and that afterwards, said compromise agreement having fallen through, plaintiff brought said second suit for said breaches. Defendant demurs.

This case presents the question whether, all the alleged breaches having occurred at the commencement of the first action, but recovery for some of them being then prevented by a temporary bar, the plaintiff should have included said breaches in said original action, provided said bar was removed after the action was brought, but before trial, and whether, having failed to do so, his right of action therefor is barred by the former judgment. The exhaustive briefs of counsel fail to show any decision of this question. It is thought that this case falls within the general rule that a party cannot thus split up his causes of action. The cause of action was defendant's breach of an agreement to indemnify plaintiff against all damages by reason of electrical defects in machines made by defendant for plaintiff, and sold by plaintiff to outside parties. At the time of trial of the former action proof could have been made under an amendment to the complaint of all the damages claimed by reason of said breach. Under the provisions of section 1050, Gen. St. Conn., damages accruing from the same cause of action subsequent to the bringing of the suit may be recovered therein. The demurrer is sustained.